IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WINDHAM,

    Petitioner,                    No. CIV S-07-2672 LKK JFM P

    vs.

D.K. SISTO, et al.,               ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee of $5.00 for this action.

        By order filed January 9, 2008, petitioner was directed to, within thirty days, demonstrate that he has exhausted state court remedies for the claims raised in the instant petition. On February 11, 2008, petitioner filed a motion for stay and abeyance, seeking to hold these proceeding in abeyance while he exhausts state court remedies

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

1

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the record the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court, nor is there any allegation that state court remedies are no longer available to petitioner. In fact, petitioner seeks a stay of these proceedings in order to present his claims to that court. However, such a stay is only available, if at all, if state court remedies have been exhausted for at least one claim presented in a federal habeas corpus petition. See Rhines v. Weber, 544 U.S. 269 (2005). Accordingly, petitioner's motion for stay should be denied and the instant action should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's February 11, 2008 motion for stay and abeyance be denied; and

2. Petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1          These findings and recommendations will be submitted to the United States
2  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
3  twenty days after being served with these findings and recommendations, petitioner may file
4  written objections with the court.  The document should be captioned "Objections to Findings
5  and Recommendations."  Petitioner is advised that failure to file objections within the specified
6  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
7  (9th Cir. 1991).

8  DATED: February 19, 2008.

UNITED STATES MAGISTRATE JUDGE

12/mp
wind2672.103